NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLIOT S. KUCHINSKY,<br><br>      Plaintiff,<br><br>v.<br><br>PRESSLER & PRESSLER, LLP,<br><br>      Defendants. | Civil Action No.: 12-cv-01903 (CCC)<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Dickson's order, dated September 3, 2013, denying Plaintiff's motion for leave to file a second amended complaint. The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Judge Dickson's September 3, 2013 order is **AFFIRMED**, and Plaintiff's motion for leave to file a second amended complaint is **DENIED**.

**I. BACKGROUND**

For the purposes of this motion, the parties agree on the underlying facts. See Pl.'s Br. at 2–5, Def.'s Br. at 2. This litigation arises out of a dispute relating to Defendant's attempted collection of a default judgment entered against Plaintiff in the Superior Court of New Jersey. Pl.'s Br. at 2. Defendant communicated with Plaintiff on two occasions after being notified on December 21, 2011 that Plaintiff was represented by counsel. Id. at 3–4. The first communication was on January 20, 2012, and the second was on March 20, 2012. Id. Plaintiff notified Defendant on January 25, 2012 that Plaintiff was suffering from medical and emotional

1

problems, and that the communication on January 20 had caused Plaintiff to suffer emotional distress. Id. at 3.

Plaintiff filed suit against Defendant in the Superior Court of New Jersey, alleging that these two communications violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692–1692p (FDCPA). Id. at 3–4. Plaintiff filed an amended complaint on April 2, 2012, which was removed to this Court and docketed on April 23, 2012. Id. at 4. Magistrate Judge Joseph A. Dickson issued a scheduling order for this case on June 5, 2012, pursuant to Federal Rule of Civil Procedure 16. [Docket No. 8.] The scheduling order set August 30, 2012 as the deadline for motions to amend the pleadings. Id. ¶ 14. On July 19, 2012, Judge Dickson stayed discovery pending his ruling on whether Defendant could file a motion under Rule 12(c). Pl.'s Br. at 5. This stay was vacated on October 11, 2012, and discovery was extended to January 31, 2013. Id. On April 19, 2013, Plaintiff moved to amend the complaint to add a claim under New Jersey state law for intentional infliction of emotional distress (IIED). [Docket No. 28, attachment #2, at 1.] Like the FDCPA claim, the IIED claim was based on Defendant's two instances of communication with Plaintiff. Compare Docket No. 28, attachment #4, at 3–4, with id. at 4–5.

The magistrate judge denied the motion to amend in an order dated September 3, 2013. [Docket No. 31.] Judge Dickson noted that Plaintiff's motion to amend was filed more than seven months after the deadline set by the scheduling order. Id. at 1. For this reason, he found that Plaintiff could not amend the complaint absent a showing of "good cause" under Rule 16(b)(4). Id. at 2. Judge Dickson concluded that Plaintiff had not demonstrated good cause, for two reasons. First, he noted that "the most common basis for finding a lack of good cause is the party's knowledge of a potential claim before the deadline to amend has passed." Id. (citing Stallings ex rel. Estate of Stallings v. IBM Corp. No. 08-3121, 2009 WL 2905471, at *16 (D.N.J.

2

Sept. 8, 2009)). Judge Dickson found that Plaintiff was aware of all the facts underlying the proposed amended complaint before the deadline to amend had passed, particularly because Plaintiff had described those facts in his previous complaint. Id. at 3. Second, Judge Dickson found that Plaintiff "made no effort to demonstrate good cause for his late application for amendment." Id. Because he found that good cause had not been met, Judge Dickson reached no decision as to whether Plaintiff's motion to amend met the standards of Rule 15(a). Id. at 2.

## II. STANDARD OF REVIEW

A magistrate judge may hear and decide non-dispositive pretrial matters pending before the District Court. 28 U.S.C. § 636(b)(1)(A) (2012); Fed. R. Civ. P. 72(a). Upon appeal, a District Court will overturn the magistrate judge's ruling on a non-dispositive matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2012); accord Fed. R. Civ. P. 72(a). "Clearly erroneous" means that, "'although there is evidence to support [the ruling], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Lo Bosco v. Kure Eng'g, Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "Contrary to law" means that "the magistrate judge has misinterpreted or misapplied applicable law." Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A motion to amend a complaint is "'usually considered non-dispositive.'" Gutierrez v. Johnson & Johnson, 227 F.R.D. 255, 257 (D.N.J. 2005) (quoting Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 579 (D.N.J. 2001)). Accordingly, this Court will review Judge Dickson's September 3 order denying Plaintiff's motion under this standard. See id. ("'[Rulings on] motions to amend' . . . are reversed if the magistrate's decision is 'clearly erroneous or contrary to the law.'") (quoting Thomas, 137

3

F. Supp. 2d at 579). Both parties agree that this is the applicable standard. See Pl.'s Br. at 6; Def.'s Br. at 3.

### III.  DISCUSSION

Judge Dickson's order to deny Plaintiff's motion to amend the complaint was neither clearly erroneous nor contrary to law. Accordingly, this Court will affirm his decision.

Although Rule 15(a) typically governs amendments to pleadings, a motion to amend made after a scheduling order deadline has passed must also meet Rule 16's "good cause requirement." Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (citing E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000)); see also Assadourian v. Harb, No. 06-896, 2008 WL 4056361, at *2 (D.N.J. Aug. 28, 2008) (holding that a motion to amend a complaint that was filed after the scheduling order deadline passed "should be treated as a request to amend the Pretrial Scheduling Order"). This is because "[t]he careful scheme of reasonable framing and enforcement of scheduling orders for case management would . . . be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990). Determinations of good cause turn on "whether the moving party can demonstrate that the scheduling order deadlines could not be reasonably met despite the party's diligence." Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co., No. 09-6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011); accord Harrison Beverage Co., 133 F.R.D. at 469. The moving party must therefore offer a "sufficient explanation of its diligence" in order for a court to find good cause under Rule 16. Harbor Laundry Sales, Inc., 2011 WL 6303258, at *5.

In the present case, Judge Dickson was within his discretion to find that Plaintiff had failed to show good cause for violating the scheduling order, and thus to deny the motion to

amend. First, Judge Dickson's finding that Plaintiff could have moved to add the IIED claim prior to the August 30, 2012 deadline is not "clearly erroneous." As Judge Dickson noted, Plaintiff's proposed Second Amended Complaint bases the IIED claim entirely on events that transpired on or before March 20, 2012, over five months before the deadline. [Docket No. 28, attachment #4, at 4–5.] Plaintiff has not justified his delay by pointing to any information pertinent to the IIED claim for which discovery was necessary. Rather, Plaintiff admits that "[t]he facts upon which the Plaintiff's claims are based are not in dispute," and that waiting for discovery to end before filing the motion was a "mistake[]." Pl.'s Br. at 7.

Nor was Judge Dickson's good cause analysis in this respect "contrary to law." A magistrate judge may find that "[g]ood cause [is] lacking where a party . . . was in possession of the information which formed the basis for the potential claim prior to the deadline." United States v. APS Contracting, Inc., No. 11-779, 2013 WL 530576, at *4 (D.N.J. Feb. 11, 2013); accord Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (upholding magistrate's finding of no good cause where moving party "was in possession of the facts underlying its proposed counterclaim well before the amendment deadline"); see also Price v. Trans Union, LLC, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) ("Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."). Once Judge Dickson found that Plaintiff was in possession of the facts underlying the IIED claim, he was within his discretion to conclude that good cause was lacking in this case.

Second, Judge Dickson's finding that Plaintiff "made no effort to demonstrate good cause" is neither clearly erroneous nor contrary to law. In fact, Plaintiff did not argue or brief the Rule 16(b) "good cause" standard at all until after Judge Dickson denied leave to amend.

[Docket No. 28, attachment #2.] Rather, Plaintiff argued only that the Rule 15(a) standards governed and were met. Id. at 5–7. Because the moving party must "demonstrate that the scheduling order deadlines could not be reasonably met despite the party's diligence," Judge Dickson was able to deny the motion in the absence of such a demonstration. Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co., No. 09-6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011). Even now, Plaintiff offers no justification for his failure to meet the scheduling order deadlines beyond inadvertence and the absence of prejudice to Defendant. Pl.'s Br. at 7–8. However, "the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." Harbor Laundry Sales, Inc., 2011 WL 6303258, at *5.

Plaintiff argues that Judge Dickson's finding that no good cause exists is contrary to law, and cites two cases in which magistrate judges have found good cause under Rule 16(b) based only on inadvertent mistake and a lack of delay or prejudice to defendants. Pl.'s Br. at 7–8. This argument is unpersuasive. First, the cases Plaintiff cites are distinguishable from the present case. In Monroe v. City of Hoboken, the plaintiff sought only to add the real names of the "John Doe" defendants to the complaint, and asserted no new claims or theories of liability. No. 11-2556, 2012 WL 1191177, at *6 (D.N.J. Apr. 10, 2012). In Merrell v. Weeks Marine, Inc., the plaintiff's proposed alternate claim was contingent on whether he was a "seaman" or else a "maritime employee" under federal law. No. 2:12-CV-00908, 2013 WL 3949210, at *1, 5 (D.N.J. July 31, 2013). There, the magistrate judge excused the plaintiff's neglect "under the facts and circumstances of [the] case" because he had relied upon the defendant's representations as to his legal status and because the alternate claim had been discussed more than once during discovery conferences before the deadline, so it was not a surprise. Id. at *5. Moreover, as these two cases

6

demonstrate, the "good cause" requirement is a fact-intensive inquiry, and this Court cannot say that Judge Dickson's finding, that no excusable neglect existed in this case, is clearly erroneous.

Finally, because Plaintiff did not meet the "good cause" standard of Rule 16, Judge Dickson did not have to conduct any analysis under Rule 15. See <u>Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.</u>, No. 09-6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011) ("[I]n finding that Plaintiff failed to demonstrate good cause under Rule 16, [Magistrate] Judge Williams was within her discretion to deny Plaintiff's motion to amend on that basis and decline to proceed with a Rule 15 analysis."). For the same reason, this Court need not reach a decision as to whether the proposed amended complaint would meet the standards of Rule 15(a).[1]

**ACCORDINGLY, IT IS** on this **28th** day of **April, 2014,**

**ORDERED** that Magistrate Judge Dickson's September 3, 2013 order [Docket No. 31] is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's motion for leave to file a second amended complaint [Docket No. 28] and his appeal [Docket No. 33] are **DENIED**.

**SO ORDERED.**

Claire C. Cecchi
United States District Judge

---

[1] Without reaching a determination as to whether they have been met, this Court expresses serious doubts as to whether Plaintiff's proposed amended complaint could even satisfy Rule 15(a)'s more permissive standards.

7